**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

**NO. 19-70010**

---

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

**VERSUS**

**LEN DAVIS,**

Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA, Nos 2:12-CV-752
and 2:94-CR-381-1

---

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION
TO CERTIFICATE OF APPEALABILITY**

---

MAY IT PLEASE THE COURT:

Pending before the Court is the Application by Appellant Len Davis for

Certificate of Appealability and his Brief on Application by Appellant Len Davis

for Certificate of Appealability ("Davis Br."), filed October 31, 2019. The

Government filed its Response in Opposition to Defendant's Motion for a

Certificate of Appealability ("Govt. Resp.") on December 31, 2019. Mr. Davis files this reply to correct the Government's erroneous legal and factual arguments regarding two issues presented to this Court. *See* Davis Br., Argument, Sections B and C, at 22-40.

**A. Ineffective-assistance-of-counsel prejudice is determined based on the reasonable probability that a judge or juror would not have found that the government established the jurisdictional element of "under the color of law" beyond a reasonable doubt.**

The government engages in an erroneous prejudice analysis when addressing trial counsel's ineffectiveness in failing to investigate, litigate and argue the weakness of the "under the color of law" element critical to federal jurisdiction and conviction. *See id*. at 22-35 The prejudice prong of this ineffective-assistance-of-counsel claim is established by showing that there is a reasonable probability sufficient to undermine confidence in the the outcome that the "under the color of law" element would not have been met. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Davis alleged in his Section 2255 Motion, via an undisputed affidavit of trial counsel, that trial counsel failed to challenge the "under the color of law" element prior to trial, or to investigate it. Davis Br. at 25. Thus trial counsel never learned of evidence that a pre-existing acrimonious relationship existed between Mr. Davis and Ms. Groves. *Id*. The evidence of a pre-existing relationship puts the crime in a whole different context. Trial counsel never presented or argued

2

evidence showing a motive that was personal in nature—as opposed to retaliation for a job-related complaint to the Internal Affairs Division—to the district court judge or the jury. Any one of the decision-makers could have found that the element upon which federal jurisdiction was based had not been met. Even without the evidence of personal motive, the district court found the "under the color of law" issue troubling and in a lengthy dissent on appeal, Circuit Judge DeMoss found the assertion that Mr. Davis acted under the color of law "nothing short of ridiculous." ROA.10341; *United States v. Causey*, 185 F.3d 407, 426 (5th Cir. 1999).

The government erroneously asserts that Mr. Davis did not establish prejudice because evidence of his *guilt* was overwhelming. Govt. Resp. at 8.[1] The relevant question pertains to evidence of "under the color of law," not evidence of other elements of the crime. *Flores v. Barr*, 930 F.3d 1082, 1090 (9th Cir. 2019) (where no successful arguments support lack of jurisdiction, no prejudice established on ineffective-assistance-of-counsel claim); *United States v. Russell*, 30 Fed.Appx. 348, 351 (6th Cir. 2002) (finding no prejudice on ineffective-assistance-of-counsel claim for failure to challenge jurisdiction where jurisdiction was proper); *Tyson v. United States*, 2015 U.S. Dist. LEXIS 27602, *8 (E.D. Tx. 2015)

---

[1] To be clear, Mr. Davis has *never* stated anything other than that he is innocent of this crime. The ineffective-assistance-of-counsel claim addresses the issue of "color of law" based upon trial counsel's failure to investigate or litigate it, and not in the context of whether Mr. Davis committed the crime.

(denying claim that counsel was ineffective for failure to raise lack of jurisdiction because "movant was not prejudiced by failure to raise meritless claims"). Mr. Davis raises new evidence and argument that trial counsel failed to discover and raise, and he asserts in light of the evidence and argument heretofore never considered in the analysis of "under the color of law," that there is a reasonable probability that the outcome of that analysis would be different.

Likewise, standards of review matter. The "under the color of law" element has only been reviewed under a sufficiency-of-evidence standard of review, following the 1996 trial and on appeal. At trial, the element needed to be proven beyond a reasonable doubt to all 12 jurors. In that context, this Court must apply the *Strickland* standard of review. And on top of that, it must apply the standard of review applicable to granting a Certificate of Appealability. The issue before the Court is whether jurors of reason could disagree that there is a reasonable probability that the trial judge or a juror would have found that the element of "under the color of law" had not been established beyond a reasonable doubt in light of the new evidence and arguments raised in Mr. Davis's Section 2255 Motion. Jurors of reason certainly could disagree. They already did on direct appeal under a sufficiency-of-evidence standard without the new evidence and arguments now raised by Mr. Davis.

**B. The government mischaracterizes extreme security measures that undermined Mr. Davis's constitutional rights to the presumption of innocence and due process as mere complaints about the means of jury sequestration.**

The government argues—correctly—that Mr. Davis requested that jurors be sequestered during his trial. Govt. Resp. at 9. As counsel explained at the time, sequestering the jury was necessary to ensure "these jurors' verdicts, both in the guilt and in the penalty phase, [are] their own, untainted by what the media or what their relatives have to say or what their friends have to say." ROA.7595.

Mr. Davis decidedly *did not* request that marshals responsible for sequestration communicate to jurors, through words and actions, that service on the jury jeopardized their safety. Transporting them in vans with covered windows, stationing a marshal outside every juror's hotel room every night, responding with gun drawn to a person who accidentally got off the elevator on the jurors' floor of the hotel—those actions and others went well beyond protecting jurors from prejudicial media and instead implied dangerousness and guilt. *See e.g.*, Davis Br. at 37-38. As trial counsel made clear in his uncontested affidavit, he knew nothing of "the extent to which marshals went allegedly to protect jurors and family members from Mr. Davis." ROA.7070. "Had I known these things, I certainly would have objected to them." *Id.*

Jurors' declarations submitted in support of Mr. Davis' Section 2255 Motion establish the need to conduct an evidentiary to determine whether the extrinsic and

prejudicial influences on the jury prejudiced Mr. Davis. *Smith v. Phillips*, 455 U.S. 209, 217 (1982) (determination of impact of external influence "may be properly made at a hearing"). At the very least, Mr. Davis has made a substantial showing of the denial of a constitutional right and the entitlement to the issuance of a certificate of appealability on his jury claims.

WHEREFORE, for the foregoing reasons and all those asserted in his Brief, Mr. Davis respectfully prays that a certificate of appealability be granted.

RESPECTFULLY SUBMITTED,

s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, LSBA No. 7052
Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336
Facsimile: (337) 262-6605
Email:  Rebecca_Hudsmith@fd.org


s/ Sarah L. Ottinger
Sarah L. Ottinger, LSBA No. 24589
2563 Bayou Road, Second Floor
New Orleans, LA 70119
Telephone: (504) 258-6537
Email: sottinger1010@gmail.com

**COUNSEL FOR LEN DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record on this 21st day of January, 2020.

s/ Sarah Ottinger_____
Sarah Ottinger